David P. Schafer (TX SBN/ 00797865)
Brian J. Trenz (TX SBN/24067911)
**Law Offices of David P. Schafer**
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213
(210) 348-0500 phone
(210) 348-0520 fax

Attorneys for Plaintiff Jason Gerlach

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **JASON GERLACH, on behalf of himself and all others similarly situated,** | ) ) ) ) |
| | ) |
| **Plaintiff,** | ) ) |
| **vs.** | ) ) ) |
| **CONN APPLIANCES, INC D/B/A CONN'S** | ) ) ) |
| **Defendant.** | ) ) ) |

**CASE NO. 5:15-cv-00886**

**CLASS ACTION**

**Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227** *et seq.*

*Jury Trial Demanded*

## INTRODUCTION

1.     Jason Gerlach ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant CONN APPLIANCES, INC. D/B/A CONN'S, ("CONN'S") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, assigns, and/or related entities, in negligently, and/or willfully, contacting Plaintiff on Plaintiff's cellular

1

telephone without his prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act ("CAFA") because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under CAFA.  Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

3.     Venue is proper in the United States District Court for the Western District of Texas pursuant to 18 U.S.C. § 1391(b)(c) and § 1441(a) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this district are sufficient to subject it to personal jurisdiction.   On information and belief, Defendant has made the same calls complained of by Plaintiff within this judicial district, such that some of Defendant's acts in making such collection calls have occurred within this district.

## PARTIES

4.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Texas who resides in Devine, Texas.

5.     Plaintiff is informed and believed, and thereon alleges, that Defendant, CONN'S, is a debt collector, and is, and at all times mentioned herein was, a

2

Corporation founded under the laws of the State of Texas, whose primary corporate offices are located at 3295 College Street, Beaumont, Texas 77701 making the Defendant a citizen of Texas for diversity purposes. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Texas and in the County of Bexar, and within this judicial district. Defendant attempts to collect debts by, among other means, making calls to cellular phones.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

6.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."   Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

Class Action Complaint for Damages

9.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and/or prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]   The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## FACTUAL ALLEGATIONS

10.     At all times relevant, Plaintiff was a citizen of the State of Texas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

11.     Defendant, CONN'S is, and at all times mentioned herein was, an entity that meets the definition of "person," as defined by 47 U.S.C. § 153 (32).

12.     At all times relevant Defendant conducted business in the State of Texas and in the County of Bexar, within this judicial district.

13.      Beginning no later than January 2013, and continuing through approximately July of 2015, Defendant, CONN'S, called Plaintiff on his cellular telephone number, ending in "4662", in an attempt to collect a debt.  Plaintiff received multiple calls a day from CONN'S and has, at the time of filing this complaint, received more than 20 debt collection calls from CONN'S.

14.     Plaintiff did not provide Defendant with his cellular phone number. Plaintiff did not give Defendant prior express consent to call him on his cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

15.     Defendant, CONN'S, touts itself as a specialty retailer currently operating approximately 90 retail locations in Arizona, Colorado, Louisiana,

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

Mississippi, Nevada, New Mexico, North Carolina, Oklahoma, South Carolina, Tennessee, and Texas. CONN'S also states that it provides flexible in-house credit options for its customers.[6]  Based upon information and belief, CONN'S handles collections on the delinquent credit accounts and in the process calls cell phone numbers where it lacks express written consent.  Based upon the manner and method by which CONN'S sought to collect from Plaintiff, Plaintiff believes that CONN'S employs common methods to collect debts–methods which violate the TCPA.  The Plaintiff avers that CONN'S uses an ATDS to collect upon debts in the illegal manner described above.

16.     On information and belief, Defendants may have obtained Plaintiff's cellular telephone number from a third party, or by "trapping" or "skip tracing" the number (i.e., making a record of his cell phone number using caller identification technology) but did not receive that number from Plaintiff.

17.     Notwithstanding the fact Plaintiff did not provide Defendant his cellular number at any time, Defendant, or its agents, have called Plaintiff on his cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

18.     Said "ATDS" calls were made from approximately June 2013 to approximately July of 2015, all in violation of the TCPA.

19.     The telephone number Defendant and/or its agents called is assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

20.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

---

[6] Found at http://ir.conns.com/, last visited on September 11, 2015.

**Class Action Complaint for Damages**

21.　　These telephone calls by Defendant and/or its agents violated 47 U.S.C. § 227(b)(1).

22.　　Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

### Class Action Allegations

23.　　Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

*24.*　　Plaintiff represents, and is a member of, the Class, consisting of:

***All persons within the United States who received any telephone call from Defendant or its agents to said person's cellular telephone through the use of any automatic telephone dialing system who did not provide prior express consent during the transaction that resulted in the debt owed, within the four years prior to the filing of the Complaint in this action.***

25.　　Excluded from the Class are Defendants and any entities in which Defendant has a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

26.　　Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

27.　　Plaintiff and members of the Class were harmed by the acts of Defendant in, but not limited to, the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone

time for which Plaintiff and the Class members previously paid; by having to retrieve or administer messages left by Defendants during those illegal calls; and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

28.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29.     The joinder of the Class members is impracticable and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified through Defendants' or their agents' records.

30.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

a)     Whether, within the four years prior to the filing of this Complaint, Defendants and/or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b)     Whether Defendants can meet its burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt in question be owed, to make such calls;

c)     Whether Defendants' conduct was knowing and/or willful;

**Class Action Complaint for Damages**

d)     Whether Defendants are liable for damages, and the extent of statutory damages for such violation; and

e)     Whether Defendants should be enjoined from engaging in such conduct in the future.

31.     As a person that received numerous calls using an automatic telephone dialing system, without his prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

32.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law would be allowed to proceed without remedy and Defendants would undoubtedly continue such illegal conduct.  Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

33.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for a violation of this statute are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.  Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**Class Action Complaint for Damages**

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

38.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

39.     Plaintiff incorporates by reference the above paragraphs 1 through 34, inclusive, of this Complaint as though fully stated herein.

40.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

41.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**Class Action Complaint for Damages**

42.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

43.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

•     As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

•     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

•     An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

•     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

•     Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

•     As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble

damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

•        Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

•        An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

•        An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

•        Any other relief the Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: October 16, 2015

**LAW OFFICES OF DAVID P. SCHAFER**


By:  */s/ Brian J. Trenz*
Brian J. Trenz
David P. Schafer
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213
(210) 348-0500 phone
(210) 348-0520 fax
*Attorneys for Plaintiff*

**Class Action Complaint for Damages**